# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00200-CR

**Bobby Peoples, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-12-301138, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1]  A jury convicted appellant Bobby Peoples of the offense of burglary of a habitation.[2]  Punishment, enhanced by a prior felony conviction for the offense of burglary of a habitation, was assessed at 28 years' imprisonment.

The jury heard evidence that on the night of March 23, 2012, Steven Becker, his wife, and their two daughters returned home after an evening with Becker's parents to find that their house had been burglarized.  Becker testified that his wife, who had arrived home approximately five minutes before him, discovered that one of their windows had been broken and had called the police.  Becker explained that when the police arrived, they searched the property and, finding no one inside, escorted Becker through his house to determine what, if anything, had been stolen. Becker testified that several items of personal property had been stolen, including clothing, a Blu-

---

[1]  386 U.S. 738 (1967).

[2]  *See* Tex. Penal Code § 30.02.

Ray DVD player, speakers, and a Wii entertainment console. The total value of the stolen property, according to Becker, was approximately $3,000.

During their search of the house, the police also found a McDonald's milkshake cup sitting on a table that, according to Becker, had previously been in their refrigerator. The cup was tested for the presence of fingerprints and DNA, and the evidence tended to show that fingerprints and DNA found on the cup matched the fingerprints and DNA belonging to Peoples. Becker testified that he did not know Peoples and had not given him permission to enter his home. Based on this and other evidence, the jury found Peoples guilty of the offense of burglary of a habitation.

During the hearing on punishment, Peoples pleaded true to the State's enhancement allegation that he had a prior conviction in 2002 for the offense of burglary of a habitation. Peoples also testified in his defense, and he admitted in his testimony that he had burglarized the Becker home and had also committed other extraneous offenses, including the prior burglary offense and various drug-related crimes. Peoples claimed, however, that his past offenses were merely "mistakes" and that he was now a "changed" man. After hearing this and other evidence, the jury assessed punishment as noted above, and the district court sentenced Peoples in accordance with the jury's verdict. This appeal followed.

Peoples's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Peoples was mailed a copy of counsel's brief and advised

---

[3] *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974);

of his right to examine the appellate record and to file a pro se brief. In response, Peoples has filed a short pro se brief in which he questions the "legitimacy of the trial" and asks for a new trial on the ground that "the punishment should not exceed the crime."

We have reviewed the record, counsel's brief, and the pro se brief and agree with counsel that the appeal is frivolous.[4] We find nothing in the record that might arguably support the appeal.[5] We affirm the judgment of conviction and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: July 25, 2014

Do Not Publish

---

*Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

[4] *See McCoy v. Court of Appeals*, 486 U.S. 429, 436, 438 n.10 (1988) (describing frivolous appeal as one that "lacks any basis in law or fact" and frivolous arguments on appeal as those that "cannot conceivably persuade the court").

[5] *See Anders*, 386 U.S. at 744.

3